# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2015 Term

_____

No. 14-1043

_____

FILED

**March 17, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA EX REL.
## JIM RUBENSTEIN, COMMISSIONER OF THE
## WEST VIRGINIA DIVISION OF CORRECTIONS,
Petitioner

v.

## THE HONORABLE LOUIS H. BLOOM,
## JUDGE OF THE CIRCUIT COURT OF KANAWHA COUNTY;
## AND TRACIE DENNIS,
Respondents

_____

## ORIGINAL PROCEEDING IN PROHIBITION

## WRIT DENIED

_____

Submitted: February 24, 2015
Filed: March 17 , 2015

Patrick Morrisey                          The Hon. Louis H. Bloom
West Virginia Attorney General            Judge of the Circuit Court
Misha Tseytlin                            of Kanawha County
General Counsel                           Charleston, West Virginia
John H. Boothroyd
Assistant Attorney General
Charleston, West Virginia                 J. Timothy DiPiero, Esq.
Counsel for the Petitioner                Lonnie C. Simmons, Esq.
                                          DiTrapano, Barrett, DiPiero

**McGinley & Simmons, PLLC**
**Charleston, West Virginia**
**Counsel for Respondent Tracie Dennis**

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**CHIEF JUSTICE WORKMAN dissents and reserves the right to file a dissenting Opinion.**

**SYLLABUS BY THE COURT**

1. "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

2. "A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. pt. 3, *Meadows v. Wal-Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999).

3. "Effect should be given to the spirit, purpose and intent of the lawmakers without limiting the interpretation in such a manner as to defeat the underlying purpose of the statute." Syl. pt. 6, in part, *State ex rel. Cohen v. Manchin*, 175 W.Va. 525, 336 S.E.2d 171 (1984).

4. Restitution to a crime victim is an important component of this State's *Victim Protection Act*, *W.Va. Code*, 61-11A-1 [1984], *et seq.*

**Ketchum, Justice**:

This original proceeding in prohibition is upon the petition of Jim Rubenstein, Commissioner of the West Virginia Division of Corrections (the "Division"), challenging the order of the Circuit Court of Kanawha County which granted the respondent, Tracie Dennis ("Dennis"), work release from the South Central Regional Jail. The work release was granted for the three and a half month period between the entry of the order granting work release on August 15, 2014, and the commencement of Dennis's probation on December 1, 2014.

The Division contends that, by granting Dennis work release after she had been placed in the Division's custody, awaiting transfer from the Regional Jail to the Lakin Correctional Facility for Women, the circuit court exceeded its authority and interfered with the Division's responsibilities to its inmates and to the public.

This Court concludes, however, that the circuit court had the authority and the discretion to grant Dennis work release, which the circuit court limited to certain conditions. Therefore, the Division's request for relief in prohibition is denied.[1]

---

[1] Dennis filed a motion in this Court to dismiss the Division's petition as moot, alleging that since December 1, 2014, she has been on probation and no longer in the Division's custody. On January 14, 2015, this Court denied the motion on the basis that

1

**I.**
**Factual and Procedural Background**

The underlying case is *State v. Dennis*, no. 14-F-312(I) (Kanawha County), wherein Dennis entered a plea of guilty on June 25, 2014, to embezzlement, a felony under *W.Va. Code*, 61-3-20 [2004]. Thereafter, on July 29, 2014, the circuit court entered an order sentencing Dennis to an indeterminate term in the penitentiary of not less than one nor more than ten years.

The order further directed that, four months later, "said sentence be suspended on the 1st day of December, 2014 for a period of five (5) years probation," on the condition that Dennis pay restitution in the amount of $500.00 per month. The order concluded by directing that Dennis be removed from the South Central Regional Jail to the Division of Corrections "as soon as practicable."[2]

this proceeding constitutes an exception to the mootness doctrine. Syllabus point 1 of *State ex rel. M.C.H. v. Kinder*, 173 W.Va. 387, 317 S.E.2d 150 (1984), states:

> A case is not rendered moot even though a party to the litigation has had a change in status such that he no longer has a legally cognizable interest in the litigation or the issues have lost their adversarial vitality, if such issues are capable of repetition and yet will evade review.

*Accord* syl. pt. 1, *State ex rel. Crist v. Cline*, 219 W.Va. 202, 632 S.E.2d 358 (2006).

[2] During the period in question, Dennis was awaiting transfer from the Regional Jail to the Lakin Correctional Facility for Women. Pursuant to *W.Va. Code*, 62-13-5 [1999], the Division "has full discretionary authority to contract with any county jail, regional jail or other appropriate facility or institution for the incarceration and care of adult inmates."

Approximately two weeks later, on August 15, 2014, the circuit court entered an order granting a motion filed by Dennis for work release during her incarceration in the Regional Jail. Finding Dennis to be a suitable candidate for work release, the order provided:

> Defendant shall be granted work release from the South Central Regional Jail on Monday through Friday, each day to be released at 7:00 o'clock a.m., whereupon the Defendant shall report directly to her employer, Enerfab Electric Company in Dunbar, WV. The Defendant shall not leave the premises of her employer during the day until 4:00 o'clock p.m., at which time she shall return directly to the South Central Regional Jail, no later than 4:30 o'clock p.m. *  *  *
>
> The Court notes that the Defendant is in the custody of the Division of Corrections, and it is not intended that this grant of work release should serve as any impediment to the Division in its decisions regarding the timing of placement of the Defendant in a facility of its choosing.[3]

Alleging that the August 15, 2014, work release order prevented the Division from carrying out its responsibilities to its inmates and to the public, the Division filed a motion to set aside Dennis's work release or, in the alternative, place her on immediate probation and, therefore, outside the Division's responsibility. No ruling on the motion was entered by the circuit court.

---

[3] The August 15, 2014, order provided that Dennis's income from employment during work release would be paid to the Circuit Clerk of Kanawha County and applied to restitution. Thus, her obligation to pay restitution in the specific amount of $500.00 per month related to her time on probation, commencing on December 1, 2014.

The Division then filed a petition for a writ of prohibition in this Court challenging the August 15, 2014, work release order.

## II.
## Standard for Relief in Prohibition

This Court has original jurisdiction in prohibition proceedings pursuant to art. VIII, § 3, of the *Constitution of West Virginia*. In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925): "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." *Accord* syl. pt. 1, *State ex rel. Progressive Classic Ins. Co. v. Bedell* , 224 W.Va. 453, 686 S.E.2d 593 (2009).

In the current matter, in which the Division contends that the circuit court exceeded its jurisdiction in granting Dennis work release, the relevant guidelines are found in *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Syllabus point 4 of *Hoover* holds:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means,

4

such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Accord *State ex rel. Fillinger v. Rhodes*, 230 W.Va. 560, 564, 741 S.E.2d 118, 122 (2013); syl. pt. 2, *State ex rel. West Virginia Nat'l Auto Ins. Co. v. Bedell*, 223 W.Va. 222, 672 S.E.2d 358 (2008).

## III.
## Discussion

## A.

The Division does not question the ruling of the circuit court, reflected in the initial order of July 29, 2014, suspending Dennis's sentence, granting her probation as of December 1, 2014, and requiring the payment of restitution. Although Dennis was convicted of the felony offense of embezzlement, the crime did not involve the use of a firearm or a term of

5

life imprisonment.[4]  The July 29, 2014, order is Dennis's sentencing order and, as such, is entitled to deferential review.  Syllabus point 1 of *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997), holds: "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." *Accord State v. Grimes*, 226 W.Va. 411, 421, 701 S.E.2d 449, 459 (2009).

The Division, however, challenges the subsequent work release order entered on August 15, 2014, which allowed Dennis's absence from the Regional Jail five days per week, within specified hours, for the three and a half months prior to her release and the commencement of her probation.

The August 15, 2014, order required Dennis to report directly to her employer, Enerfab Electric Company, not leave the premises, and then return directly to the Regional

---

[4] *See W.Va. Code*, 62-12-3 [1988] (Where the offender is eligible, the circuit court "may suspend the imposition or execution of sentence and release the offender on probation."), and *W.Va. Code*, 62-12-9(b)(1) [2013] (authorizing the circuit court to impose restitution).

Moreover, in *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997), this Court confirmed the principle that, ordinarily, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." 200 W.Va. at 364, 489 S.E.2d at 746.  *Accord State v. Miller*, 172 W.Va. 718, 720, 310 S.E.2d 479, 481 (1983) (Probation is a matter within the sound discretion of the trial court.).

6

Jail. The stated purpose of the work release was to assist Dennis in paying restitution. Dennis's motion, which resulted in the August 15, 2014, order, alleged that she had been employed with Enerfab since 2011 but that Enerfab could not keep her job open until December 1, 2014, when Dennis would begin probation. While those factual circumstances are not contested, the Division contends that the circuit court exceeded its authority in granting work release because Dennis had already been committed to the custody of the Division. According to the Division, the law did not permit the circuit court to place Dennis in the Division's custody and then unilaterally remove her from the Division's responsibilities with respect to its inmates and the safety of the public. Specifically, the Division asserts that Dennis was afforded work release before the Division had an opportunity to evaluate the risk Dennis might pose to the public.[5]

In terms of risk evaluation, however, we note that the decision to grant Dennis probation as of December 1, 2014, was made by the circuit court pursuant to the July 29, 2014, sentencing order prior to the granting of work release approximately two weeks later. Consequently, it would be difficult to argue that the circuit court's conclusion that Dennis should be granted probation is materially distinguishable from its finding, soon after, that

---

[5] The appendix record includes the October 14, 2014, affidavit of Rita Albury, the Director of Classification with the Division of Corrections. Ms. Albury's affidavit states, in part: "Inmates who are housed at regional jails after sentence has been imposed and are waiting to be transferred to a Corrections' facility have not been fully classified by the West Virginia Division of Corrections."

7

Dennis was a "suitable candidate" for work release. In the context of probation, *W.Va. Code*, 62-12-7(b) [2013], provides, in part:

> Unless otherwise directed by the court, the probation officer shall, in the form adopted by the Supreme Court of Appeals of West Virginia, make a careful investigation of, and a written report with recommendations concerning, any prospective probationer. Insofar as practicable, this report shall include information concerning the offender's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, the names, relationship, ages and condition of those dependent upon him or her for support and any other facts that may aid the court in determining the propriety and conditions of his or her release on probation.

*See also W.Va. Code*, 62-12-6(a)(1) [2013] (providing for "a standardized risk and needs assessment" conducted by a probation officer).

Accordingly, the safeguards concerning release from confinement are not exclusive to the Division.

**B.**

Pursuant to the sentencing order, Dennis's one to ten year term of imprisonment was suspended as of December 1, 2014, four months after its entry, at which time she would receive probation. The sentencing order provided that, during the intervening four months, Dennis would be remanded to the Division. Dennis grounded her motion for work release during the intervening period on *W.Va. Code*, 62-11A-1 [2008]. Subsection (a) of the statute

8

states:

> (a) When a defendant is *sentenced or committed for a term of one year or less* by a court of record having criminal jurisdiction, the court may in its order grant to the defendant the privilege of leaving the jail during necessary and reasonable hours for any of the following purposes:
> (1) To work at his or her employment.

(Emphasis added)

Dennis argues that she was "committed" to only four months in the Regional Jail before she was to be released on probation and that, consequently, she was eligible for work release under *W.Va. Code*, 62-11A-1(a) [2008].

The Division, however, contends that, in view of Dennis's initial one to ten year sentence and the fact that she was not immediately placed on probation, Dennis was in the Division's custody for a term longer than "one year or less." In support, the Division argues that Dennis's probation, not to begin until December 1, 2014, should not be considered part of her sentence. That is because (1) the one to ten year sentence was, in fact, underlined imposed on Dennis before it was suspended in the same order, and (2) Dennis's probation was a matter of grace, rather than a part of her actual sentence. *See* syl. pt. 1, *State v. Bennett*, 233 W.Va. 346, 758 S.E.2d 273 (2014). *See also*, syl. pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968) ("Probation is not a sentence for a crime but instead is an

9

act of grace upon the part of the State to a person who has been convicted of a crime.").[6]

Subsection (a) of *W.Va. Code*, 62-11A-1 [2008], however, sets forth the phrase "sentenced or committed" in the disjunctive, suggesting that, Dennis's sentence and placement with the Division notwithstanding, she was, in fact, committed to confinement for a four month period prior to December 1, 2014, when her probation would begin. Consequently, Dennis was committed for a term of "one year or less" under *W.Va. Code*, 62-11A-1(a) [2008], and, therefore, eligible for work release. This Court has often stated that, where the disjunctive "or" is used, it ordinarily provides an alternative between the two clauses it connects. *See State v. Easton*, 203 W.Va. 631, 643, 510 S.E.2d 465, 477 (1998).[7] Moreover, syllabus point 3 of *Meadows v. Wal-Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999), holds: "A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." *Accord* syl. pt. 4, *Young v. Apogee Coal Co.*, 232 W.Va. 554, 753 S.E.2d 52 (2013).

---

[6] Dennis's motion for work release was filed under *W.Va. Code*, 62-11A-1 [2008]. It was not filed as a motion for reduction of sentence under W.Va. R. Crim. P. 35(b). We note, however, the following language found in Rule 35(b): "Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

[7] *See also Bennett supra*, 233 W.Va. at 352, 758 S.E.2d at 279 (The use of the disjunctive "or" in a statute normally connotes "an alternative or option to select."); *State v. Elder*, 152 W.Va. 571, 577, 165 S.E.2d 108, 112 (1968) ("The word 'or' denotes an alternative between the two phrases it connects.").

In *State v. Kerns*, 183 W.Va. 130, 394 S.E.2d 532 (1990), this Court observed that, although work release is less restrictive than total confinement, it is more restrictive than probation. Nevertheless, recognizing the remedial nature of work release, this Court, in *Kerns*, cited with approval syllabus point 6 of *State ex rel. Cohen v. Manchin*, 175 W.Va. 525, 336 S.E.2d 171 (1984), which states, in part: "Effect should be given to the spirit, purpose and intent of the lawmakers without limiting the interpretation in such a manner as to defeat the underlying purpose of the statute." Here, the objective of the August 15, 2014, work release order was to assist Dennis in paying court-ordered restitution for her crime of embezzlement. Restitution to a crime victim is an important component of this State's *Victim Protection Act*. *See W.Va. Code*, 61-11A-1 [1984], *et seq.* Under *W.Va. Code*, 61-11A-4(f) [2006], for example, a defendant may be required to make restitution "within a specified period or in specified installments."

Lastly, Dennis was in the custody of the Division but remained confined in the South Central Regional Jail for four months. The circuit court's order granting work release from the South Central Regional Jail noted that she was, in fact, in the custody of the Division and stated that "it is not intended that this grant of work release should serve as any impediment to the Division in its decisions regarding the timing of placement of the Defendant in a facility of its choosing." If the Division did not want Dennis to have work release, it could have moved her to another correctional facility at any time to serve her four month

11

confinement.

## IV.
## Conclusion

This Court finds no sufficient ground to grant the Division's requested relief in prohibition. Dennis was committed by the circuit court to a term of one year or less, and the circuit court, therefore, had the authority and the discretion under *W.Va. Code*, 62-11A-1(a) [2008], to grant her work release for the purpose of paying restitution, which release was subject to the conditions set forth in the August 15, 2014, order. Accordingly, the writ of prohibition is denied.[8]

**Writ denied**.

---

[8] We find an additional argument of the Division to be without merit. The Division cites *W.Va. Code*, 31-20-31(a) [2007], which states:

> [W]ith regard to an inmate sentenced to the Division of Corrections that is domiciled at a regional jail facility under the supervision of the [Regional Jail and Correctional Facility] Authority, the Commissioner of the Division of Corrections or designee shall first determine the eligibility of such inmate for participation in the work program authorized by this section and consent to such inmate's participation therein.

That statute does not apply in these circumstances. The circuit court did not order Dennis to participate in the type of work program referenced therein. Moreover, the Division acknowledged that, "even if a circuit court could issue a work release order directed at an inmate in Corrections' custody housed at a regional jail" - outside of the provisions of *W.Va. Code*, 31-20-31(a) [2007] - the circuit court's authority would be limited to a defendant "sentenced or committed" for a term of one year or less.