# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September Term 2017

_____

No. 17-0449

_____

FILED

**October 19, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE EX REL. STATE OF WEST VIRGINIA,**
Petitioner
v.
**THE HONORABLE RONALD E. WILSON,**
**JUDGE OF THE CIRCUIT COURT OF BROOKE COUNTY;**
**AND FLOYD FERENCE,**
Respondents

_____

## ORIGINAL PROCEEDING IN PROHIBITION

_____

## WRIT GRANTED

_____

Submitted: October 11, 2017
Filed: October 19 , 2017

Joseph E. Barki, III, Esq.
Brooke County Prosecuting Attorney
Office of the Brooke County Prosecuting Attorney
Wellsburg, West Virginia
Counsel for the Petitioner

Robert G. McCoid, Esq.
McCamic, Sacco
& McCoid, PLLC
Wheeling, West Virginia
Counsel for Respondent
Floyd Ference

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

"Except for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syllabus, *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235 (1977).

**Justice Ketchum**:

In this original proceeding in prohibition, the State of West Virginia, through the Brooke County Prosecuting Attorney, challenges the Circuit Court of Brooke County's *sua sponte* dismissal, with prejudice, of an indictment. The indictment charged the respondent, Floyd Ference ("defendant"), under *W.Va. Code*, 61-6-24(b) [2009], with the felony offense of threatening to commit a terrorist act.

This Court concludes that the circuit court exceeded its jurisdiction in dismissing the indictment and that relief in prohibition is warranted. We, therefore, prohibit enforcement of the April 17, 2017, order which dismissed the indictment. The indictment is reinstated, and this matter is remanded to the circuit court for further proceedings.[1]

## I. Factual and Procedural Background

On September 3, 2016, Lieutenant L. G. Skinner, Jr., of the Wellsburg Police Department, filed a criminal complaint against the defendant in the Brooke County Magistrate Court. The complaint stated that on September 1, 2016, the defendant, a custodian at Wellsburg Middle School, was dissatisfied with his list of assigned duties and

---

[1] In addition to challenging the dismissal of the indictment, the State asks in its petition for a writ of prohibition that the Judge be disqualified from presiding over any remand proceedings in the defendant's case. However, this Court has already ruled that, insofar as the State's petition seeks the disqualification of the Judge, relief is refused.

work schedule and told two other custodians that, if more work were placed on him, he would "get a gun and start taking people out." The complaint further stated that the defendant asked one of the other custodians "what kind of handgun was the best."[2] The magistrate found probable cause to issue a warrant for the defendant's arrest, charging him with the felony offense of threatening to commit a terrorist act under *W.Va. Code*, 61-6-24.

A preliminary hearing was later conducted in magistrate court during which witnesses testified and arguments by the State and the defense were heard. As recounted by the State, both custodians provided substantially similar testimony at the preliminary hearing, maintaining that the defendant stated: "If they give me any more work to do and I can't do it, I am going to get a gun and I'm going to come in here and shoot people and their friends and their family." Probable cause was found, and the defendant was bound over to the circuit court.

In November 2016, the Brooke County grand jury returned a single Count indictment, no. 16-F-72, charging that on or about September 1, 2016, the defendant

> did commit the felony offense of "Threats to Commit a Terrorist Act" when he did unlawfully, knowingly and willfully threaten to commit a terrorist act, with

---

[2] According to the complaint, the defendant had been told by his supervisor in August 2016 that his work was unsatisfactory and that he was not to leave early from work. The defendant also worked as a custodian at Franklin Primary School.

or without the intent to commit the act, to wit: Floyd Ference, an employee of the Brooke County School System, while at Wellsburg Middle School, did threaten to get a gun and start shooting people at the school, in violation of Chapter 61, Article 6, Section 24(b) of the West Virginia Code and against the peace and dignity of the State.

The charging language of the indictment substantially followed the provisions of *W.Va. Code*, 61-6-24(b) [2009], which states:

> (b) Any person who knowingly and willfully threatens to commit a terrorist act, with or without the intent to commit the act, is guilty of a felony and, upon conviction thereof, shall be fined not less than $5,000 nor more than $25,000 or confined in a state correctional facility for not less than one year nor more than three years, or both.[3]

Although no motion to dismiss the indictment was filed by defense counsel, the circuit court entered an order, *sua sponte*, on April 17, 2017, dismissing the indictment with prejudice. The order was entered shortly before the defendant's trial which was scheduled to begin on April 24, 2017. The circuit court concluded:

---

[3] The 2009 version of *W.Va. Code*, 61-6-24(b), applicable here, constitutes an expansion by the West Virginia Legislature of the original statute. Under the original statute, *W.Va. Code*, 61-6-24(b) [2001], the offense of threatening to commit a terrorist act could be established "without the intent to commit the act." Under the 2009 version, the offense can be established "*with or without* the intent to commit the act." (emphasis added). Neither version of the statute alters the element of a criminal defendant's intent to make the *threat* itself.

[T]he alleged terrorist activity stated in the indictment was aimed at shooting individuals at the school instead of conduct aimed at the civilian population as a whole and not conduct that was directed at a branch or level of government as a whole. Therefore the court concludes that [a] threat to individual persons at the school does not constitute a terrorist act within the meaning of West Virginia Code § 61-6-24 because the threatened action was not directed at intimidating or coercing the conduct of a branch or level of government.

The State filed a petition for a writ of prohibition in this Court seeking to prohibit enforcement of the April 17, 2017, order. The defendant filed a response, and on August 30, 2017, this Court issued a rule to show cause why the relief requested by the State should not be granted.

**II. Standard for Relief in Prohibition**

This Court has original jurisdiction in prohibition proceedings pursuant to art. VIII, § 3, of The Constitution of West Virginia. In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E.2d 111 (1925): "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." *Accord State ex rel. Rubenstein v. Bloom*, 235 W.Va. 70, 72, 771 S.E.2d 717, 719 (2015).

Here, the State contends that the circuit court exceeded its jurisdiction in dismissing the indictment. We therefore look to the following guidelines set forth in syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

4

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (6) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Accord State ex rel. U.S. Bank Nat'l Ass'n v. McGraw*, 234 W.Va. 687, 691-92, 769 S.E.2d 476, 480-81 (2015); *State ex rel. Fillinger v. Rhodes*, 230 W.Va. 560, 564, 741 S.E.2d 118, 122 (2013).

### III. Discussion

Pursuant to *W.Va. Code*, 58-5-30 [1998], the State, on the application of the Attorney General or the prosecuting attorney, is afforded a direct appeal to this Court from an order dismissing an indictment. A direct appeal, however, pertains to instances where the indictment was dismissed for specific deficiencies, such as the failure to put the defendant on fair notice of the offense charged and the elements thereof, or the failure to enable the defendant to later assert a plea of acquittal or conviction. *See State ex rel. Lorenzetti v.*

5

*Sanders*, 235 W.Va. 353, 367, 774 S.E.2d 19, 33 (2015). Here, the indictment charging the defendant with threatening to commit a terrorist act complied with those requirements.[4] Nevertheless, the circuit court dismissed the indictment, with prejudice, for other reasons, *i.e.*, the nature of the defendant's alleged threat as described to the grand jury. Consequently, the State's petition for a writ of prohibition is the appropriate method to challenge the circuit court's ruling. *See State ex rel. State of W.Va. v. Gustke*, 205 W.Va. 72, 76, 516 S.E.2d 283, 287 (1999) (The writ of prohibition "is an appropriate method for the State to challenge the dismissal of an indictment.").

During a pretrial hearing conducted in January 2017, the circuit court noted that the defendant's statement apparently fit the elements of *W.Va. Code*, 61-6-24(b) [2009], which the circuit court stated are straightforward. Those elements are set forth in subsection (a)(3) of the statute as follows:

> (a)(3) "Terrorist act" means an act that is:
> (A) Likely to result in serious bodily injury or damage to property or the environment; and
> (B) Intended to:
> (i) Intimidate or coerce the civilian population;

---

[4] The indictment tracked the language of *W.Va. Code*, 61-6-24(b) [2009]. Syllabus point 3 of *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983), holds: "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." *Accord* syllabus point 3, *Ballard v. Dilworth*, 230 W.Va. 449, 739 S.E.2d 643 (2013).

6

(ii) Influence the policy of a branch or level of government by intimidation or coercion;

(iii) Affect the conduct of a branch or level of government by intimidation or coercion; or

(iv) Retaliate against a branch or level of government for a policy or conduct of the government.

The defendant raised no constitutional issue before the circuit court or any alleged impropriety in the grand jury proceedings. There was no motion to dismiss the indictment. The circuit court dismissed the indictment, *sua sponte*, solely on the basis of the indictment in relation to the grand jury transcript. The transcript reveals that only one witness testified, Lieutenant L. G. Skinner, Jr., who filed the criminal complaint which set forth the alleged threat made by the defendant. The circuit court concluded, without taking evidence, that the offense could not have occurred because the alleged terrorist activity stated in the indictment "was aimed at shooting individuals at the school instead of conduct aimed at the civilian population as a whole and not conduct that was directed at a branch or level of government as a whole."

Manifestly, the State did not present its entire case against the defendant before the grand jury. The State insists that the grand jury testimony the circuit court reviewed was only presented to the extent necessary to satisfy the probable cause standard. *See State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 665, 383 S.E.2d 844, 847 (1989) (The function of the grand jury "is not to determine the truth of the charges against the defendant, but to determine

7

whether there is sufficient probable cause to require the defendant to stand trial.").  In fact, the record reveals a number of potential witnesses available to either the State or the defense who later could have shed light on the defendant's work history and the alleged threat.  Those witnesses include the Wellsburg Middle School principal; officials at Franklin Primary School where the defendant also worked as a custodian; Lieutenant Skinner; other investigating or arresting officers; and the two custodians at Wellsburg Middle School.

Moreover, prior to the circuit court's *sua sponte* dismissal, the defendant filed a number of pretrial motions, including a motion for the disclosure of exculpatory evidence and a motion for notice of the State's intent to use evidence under Rule 404(b) of the West Virginia Rules of Evidence.  The motions sought information to which the defendant claimed entitlement.  The information sought potentially could have been made available to the circuit court regarding its consideration of the indictment and the nature of the State's case against the defendant.  That opportunity was lost, however, when the circuit court preemptively dismissed the indictment.[5]

---

[5] In addition, Rule 7 of the West Virginia Rules of Criminal Procedure entitled "The indictment and the information" provides in subsection (f) that a circuit court "may direct the filing of a bill of particulars."  In *State v. Counts*, 90 W.Va. 338, 342, 110 S.E. 812, 814 (1922), this Court noted: "A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial."  Here, that option was not pursued prior to the dismissal of the indictment.

8

Nevertheless, the defendant asserts that, in dismissing the indictment, the circuit court fulfilled its role as gatekeeper, "charged with ensuring that any indictment returned by the grand jury is based upon a valid quantum of proof." However, this Court held in the syllabus of *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235 (1977): "Except for willful, intentional fraud the law of this State does not permit the court to go behind an indictment *to inquire into the evidence* considered by the grand jury, either to determine its legality or its sufficiency." (emphasis added) *Accord* syl. pt. 2, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989). *See* Howard B. Lee, *The Criminal Trial in the Virginias*, § 19 (2nd ed. Michie 1940) (citing West Virginia cases for the principle that, when an indictment is returned by a grand jury, "the presumption is that it was found upon sufficient and proper evidence" and that, if there was any legal evidence before the grand jury, "the court will not inquire into its sufficiency; nor will it quash the indictment in such a case because some illegal evidence was also received.").

In *State v. Yocum*, 233 W.Va. 439, 759 S.E.2d 182 (2014), this Court rejected a constitutional challenge to the terrorism-threat statute but reversed the defendant's conviction on the basis of insufficiency of the evidence at trial. *Yocum* involved a domestic violence incident after which the defendant threatened to sexually assault the daughter of the arresting police officer. Based on the comment, the defendant was tried and convicted of threatening to commit a terrorist act. In *Yocum*, this Court found no merit in the defendant's claim that

9

the statute was void-for-vagueness and unconstitutional. However, because the defendant's threat was directed at a single individual, the arresting officer, this Court concluded that the State failed to prove, pursuant to *W.Va. Code*, 61-6-24, that the defendant's threat was directed at intimidating or coercing a branch or level of government. This Court noted, in *Yocum*, that the defendant made the comment while "under arrest, handcuffed, and in the patrol car." 233 W.Va. at 447, 759 S.E.2d at 190. *Yocum*, which concerned a conviction following a jury trial and not a challenge to the indictment, is dissimilar to the current matter.[6]

A sufficiency of the evidence challenge regarding a jury trial was rejected by this Court in *State v. Randles*, 2015 WL 5125780 (Memorandum Decision, W.Va. Aug. 31, 2015). In *Randles*, this Court affirmed the defendant's conviction of threatening to commit a terrorist act where the defendant stated that she would bomb the Town of Sutton, West Virginia, if the juvenile proceedings against her granddaughter were not dismissed. We stated in *Randles*:

---

[6] Syllabus point 2 of *State v. Yocum* holds:

> A threat to sexually assault the child of an individual police officer by a person who is under arrest, handcuffed, and in the patrol car, does not constitute a terrorist act within the meaning of West Virginia Code § 61-6-24(a)(3)(B)(iii) (2010) because the threatened action was not directed at intimidating or coercing the conduct of a branch or level of government.

10

> [T]he jury could have reasonably concluded that petitioner's statement was intended to affect the judicial branch of government by intimidation or coercion because petitioner specifically stated that she would bomb the town of Sutton if her granddaughter's case was not dismissed.  *  *  *  The statute under which petitioner was convicted does not require petitioner to specifically intend to commit the act or that someone perceive the threat as real.

Here, the defendant is charged with threatening that, if more work were placed on him, he would "get a gun and start taking people out."  Any variation of the alleged statement, *e.g.*, that he threatened to get a gun "and start shooting people at the school," is a matter of proof which would have followed had the case proceeded in due course.[7]  The circuit court's determination that the defendant's threat "to individual persons at the school" was not directed at a branch or level of government is simply not accurate.  Wellsburg Middle School, Franklin Primary School, and the defendant's employer, the Brooke County Board of Education, are government entities.  Moreover, unlike *Yocum*, the defendant's threat was not directed at a specific individual.  Instead, the defendant made the alleged threat to unspecified others in response to his duties being changed and also in an attempt to influence future changes.  The government entity which made the changes and which would make any future changes was the Brooke County school system.[8]

---

[7] Another variation of the defendant's alleged threat is to the effect that: "If they give me any more work to do and I can't do it, I am going to get a gun and I'm going to come in here and shoot people and their friends and their family."

[8] *W.Va. Code*, 62-2-8 [1923], provides:

> Where an intent to injure, defraud, or cheat is required to constitute an offense, it shall be sufficient, in an indictment or accusation therefor, to

11

This Court observed in *State ex rel. Miller v. Smith*, 168 W.Va. 745, 751, 285 S.E.2d 500, 504 (1981), that "historically the grand jury serves a dual function: it is intended to operate both as a sword, investigating cases to bring to trial persons accused on just grounds, and as a shield, protecting citizens against unfounded malicious or frivolous prosecutions." *Accord State ex rel. Starr v. Halbritter*, 183 W.Va. 350, 353-54, 395 S.E.2d 773, 776-77 (1990). In the current matter, the circuit court improperly interceded and supplanted the function of the grand jury by dismissing the indictment, *sua sponte*, with prejudice. Consequently, the State was deprived of its right to prosecute the case and seek a valid conviction.[9]

---

allege generally an intent to injure, defraud, or cheat, *without naming the person intended to be injured, defrauded, or cheated*, and it shall be sufficient, and not deemed a variance, if there appear to be any intent to injure, defraud, or cheat the United States, or any state, or any county, corporation, officer or person.

(emphasis added)

[9] We note one instance, not applicable here, where a circuit court is authorized to *sua sponte* dismiss an indictment. Rule 48(b) of the West Virginia Rules of Criminal Procedure states in part:

If there is unnecessary delay of more than one year in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the circuit court, that court shall, on its own motion, dismiss the indictment, information or complaint, without prejudice.

In the present case, no delay occurred. The defendant's alleged threat occurred in September 2016, and the indictment was returned in November 2016. Moreover, Rule 48(b) requires a dismissal without prejudice, unlike the dismissal of the indictment "with prejudice" in this matter.

## IV. Conclusion

The State may seek relief in prohibition in this Court where the circuit court's action has deprived the State of its right to prosecute a criminal case or deprived the State of a valid conviction. Syl. pt. 1, *State ex rel. Games-Neely v. Yoder*, 237 W.Va. 301, 787 S.E.2d 572 (2016); syl. pt. 1, *State ex rel. Sorsaia v. Stowers*, 236 W.Va. 747, 783 S.E.2d 867 (2016); syl. pt. 5, *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992). The State has shown deprivation in that context, and relief in prohibition is warranted.

We, therefore, prohibit enforcement of the April 17, 2017, order pursuant to which the circuit court dismissed the indictment against the defendant. The indictment is reinstated, and this matter is remanded to the circuit court for further proceedings.

Writ granted.