# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0231** (Roane County 16-F-85)

**Everett Meadows,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Everett Meadows, by counsel David B. Richardson, appeals the Circuit Court of Roane County's February 13, 2017, order sentencing him to one to ten years of incarceration and ordering restitution in the amount of $16,000 following his grand larceny conviction. The State of West Virginia, by counsel Robert L. Hogan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court considered inappropriate factors in sentencing him and that the restitution order was excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 1, 2016, petitioner stole a 2007 Subaru Impreza WRX from a gas station. When a police officer began pursuing petitioner in the stolen vehicle, petitioner fled. While in pursuit, the officer observed petitioner "driving in the middle of the roadway, straddling the yellow line." Petitioner returned to the correct lane, but ran a red light, passed a vehicle on a double yellow line, nearly struck another vehicle, sped, and ultimately crashed through a fence, which disabled the vehicle. As a result, petitioner was indicted for one count of grand larceny, two counts of destruction of property, and one count of reckless driving.

Petitioner entered into a plea agreement with the State on January 9, 2017. Under the terms of the agreement, petitioner pled guilty to one count of grand larceny in exchange for the State's agreement to dismiss the remaining charges and stand silent at sentencing. On February 13, 2017, petitioner was sentenced to not less than one year nor more than ten years of incarceration and ordered to pay restitution in the amount of $16,000 to the vehicle owner. It is from this order that petitioner appeals.

Petitioner argues on appeal that the circuit court abused its discretion in denying him an alternative sentence due to his alleged misconduct while incarcerated following his arrest for the

1

aforementioned crimes. Petitioner contends that the circuit court did not fairly consider the non-violent nature of the theft, his age, his purported diminished mental capacity, the amount of time already served, and his "relatively minor criminal history." Petitioner also asserts that the circuit court abused its discretion in ordering restitution in the amount of $16,000.

"The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Wasson*, 236 W.Va. 238, 778 S.E.2d 687 (2015) (citation omitted). However, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

At the outset, we note that petitioner's sentence of one to ten years of incarceration is within statutory limits:

> If a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.

W.Va. Code § 61-3-13. Accordingly, unless based on an impermissible factor, it is not subject to review. Although petitioner argues that the circuit court erroneously considered his prior arrest record and his poor behavior in jail while awaiting sentencing, he offers no law to support that these are inappropriate factors to consider in declining to grant an alternative sentence. Importantly, a circuit court is afforded discretion in imposing alternative sentences. *State v. Bennett*, 233 W.Va. 346, 352, 758 S.E.2d 273, 279 (2014); *see also* Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972) ("Probation is a matter of grace and not a matter of right.").[1] Because petitioner's sentence is within statutory limits and he has shown no right to an alternative sentence, we find that the circuit court did not abuse its discretion in imposing petitioner's sentence.

In support of petitioner's second assignment of error concerning the amount of restitution ordered, petitioner argues that the circuit court abused its discretion by crediting the victim's

---

[1]Petitioner also states that the sentence imposed is disproportionate to the crime, but he offers no law or analysis to support this contention. Accordingly, he has failed to preserve this issue for appeal. *See* W.Va. R. App. Pro. 10(c)(7) ("The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error."); *see also State, Dep't of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument', really nothing more than an assertion, does not preserve a claim.") (citation omitted).

testimony concerning the value of the vehicle and improvements to it without any substantiating documentation.

A restitution order for damage to, loss of, or destruction of property must require the defendant to

> pay an amount equal to the greater of : (i) The value of the property on the date of sentencing; or (ii) the value of the property on the date of the damage, loss or destruction less the value (as of the date the property is returned) of any part of the property that is returned.

W.Va. Code § 61-11A-4(b)(1)(B). Petitioner offers no law to support his claim that the victim was required to produce documentation of the value of his vehicle, which was a total loss. To the contrary, the owner of property is qualified to testify to the value of it. *See State v. Cokeley*, 159 W.Va. 664, 668, 226 S.E.2d 40, 43 (1976) ("[N]ormally the owner of stolen property may testify as to its value because he is deemed qualified to give an opinion concerning the value of the things which he owns[.]") (citation omitted). Accordingly, we find no abuse of discretion in the circuit court's restitution order.[2]

For the foregoing reasons, the circuit court's February 13, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** April 9, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[2]We also note that petitioner argued at sentencing that $15,000 "sounds like a much more appropriate amount" than the $34,300 requested by the State and victim. The amount ordered by the circuit court was, therefore, in line with petitioner's request.